UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WAEL MOHAMED ALY ABDEL-LATIF,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL B. MUKASEY,[1] Attorney General of the United States; ROBERT MUELLER, Director of the Federal Bureau of Investigation; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO GONZALES, Director of the Citizenship & Immigration Service; and DENISE FRAZIER, Director of the St. Paul District of the Citizenship and Immigration Service,<br><br>Defendants. | Civil No. 07-2555 (JRT/FLN)<br><br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND REMANDING TO THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES** |

David L. Wilson, **WILSON LAW GROUP**, 2700 East Lake Street, Suite 3200, Minneapolis, MN 55406, for plaintiff.

Friedrich A. P. Siekert, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

Plaintiff Wael Mohamed Aly Abdel-Latif is a permanent resident alien of the United States, and has applied for naturalization to become a United States citizen. Plaintiff filed this action alleging that the processing of his application has been unreasonably delayed. This matter is now before the Court on defendants' Motion to

---

[1] Michael Mukasey is substituted as the Attorney General of the United States pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Dismiss. For the reasons given below, the Court denies defendants' motion, and remands the matter to the United States Citizenship and Immigration Service ("CIS") with instructions.

## BACKGROUND

Plaintiff filed his application for United States citizenship on September 22, 2005. As part of the application process, plaintiff was interviewed by CIS on February 23, 2006. Plaintiff has yet to receive a final determination on his application. Defendants allege that the delay is due to the fact that the Federal Bureau of Investigation ("FBI") has yet to complete plaintiff's mandatory national security background investigation. CIS requested that the FBI perform this "name check" on October 5, 2005.

Plaintiff filed this suit on June 1, 2007, alleging that the delay in processing his application violates both his statutory and constitutional rights. Plaintiff requests a declaratory judgment that the delay has violated his due process and equal protection rights under the United States Constitution; a temporary and permanent injunction enjoining defendants from "unreasonably delaying completion of plaintiff's naturalization application and his swearing in as a citizen of the United States solely because name checks have not been timely completed"; a grant of his petition for citizenship; and his costs and fees in bringing this action, pursuant to the Equal Justice Act, 28 U.S.C. § 2412.

## ANALYSIS

I.  **SUBJECT MATTER JURISDICTION**

Defendants have moved to dismiss plaintiff's claims, alleging that this Court lacks subject matter jurisdiction over the matter. Defendants discuss a number of potential grounds for jurisdiction in this case, and argue that each is inadequate. The only grounds that the Court finds necessary to consider for the purposes of this motion, however, is 8 U.S.C. § 1447(b). The language of that statute, as well as the decisions of the great majority of the courts who have interpreted it, indicate that the Court has subject matter jurisdiction to hear plaintiff's complaint.

Section 1447(b) states that where CIS has not made a determination on a citizenship application "before the end of the 120-day period after the date on which the examination is conducted under such section" the applicant may seek relief in federal district court. "Such court has jurisdiction over the matter and may determine the matter or remand the matter, with appropriate instructions, to [CIS] to determine the matter." 8 U.S.C. § 1447(b).

Defendants do not dispute that plaintiff's suit was filed more than 120 days after he was interviewed by CIS. However, defendants argue that the word "examination" in section 1447(b) does not refer to this interview alone, but rather "encompasses the entire process of conducting the requisite background checks, one or more in person interviews, and other activities to assure an applicant's qualification for naturalization." If that were true, this Court would not have jurisdiction, because particular steps in that process – including the FBI's name check – have not yet been completed.

Defendants concede that this Court has rejected their interpretation of section 1447(b) in three prior cases. *See Repeshchuk v. Gonzales*, No. 07-2017, 2007 WL 2361450 (D. Minn. Aug. 15, 2007); *Eisa v. U.S. Citizenship & Immigration Servs.*, No.05-773, 2006 WL 2794341 (D. Minn. Sept. 27, 2006); *Essa v. U.S. Citizenship & Immigration Servs.*, No. 05-1449, 2005 WL 3440827 (D. Minn. Dec. 14, 2005). In addition to the cases acknowledged by the defendants, this Court has rejected its argument at least twice more. *See Aarda v. U.S. Citizenship & Immigration Servs.*, No. 06-1561, 2007 WL 465220 (D. Minn. Feb. 8, 2007); *Alnabi v. Gonzales*, No. 06-1721, 2006 WL 2990338 (D. Minn. Oct. 18, 2006). In each of those cases, federal courts in this district have held that the word "examination" in section 1447(b) refers to the applicant's interview, rather than the entire investigatory process. This interpretation has also been adopted by the Fifth Circuit. *See Walji v. Gonzales*, 500 F.3d 432 (5th Cir. 2007). The defendants have not cited to any cases supporting their alternative interpretation of section of 1447(b), and the Court finds no reason to depart from the long line of cases in this district rejecting defendants' position. Because 120 days have passed since plaintiff's interview with CIS, the Court has jurisdiction to hear his complaint.

## II.   REMEDY

Section 1447(b) provides the Court with two options for handling plaintiff's complaint. The Court may either adjudicate plaintiff's application or remand the application to CIS with "appropriate instructions." *See* 8 U.S.C. § 1447(b). The Court agrees with the prior decisions in this district indicating that it would be inappropriate to

adjudicate plaintiff's application before the completion of outstanding background checks.  *See, e.g.*, *Repeshchuk*, 2007 WL 2361450, at *4 ("Final adjudication of this matter . . . requires expertise that this Court does not possess."); *Alnabi*, 2006 WL 2990338, at *2 ("[T]he criminal background check is a vital piece of information and absent such information the court system is simply not equipped with the resources necessary to ensure a thorough investigation prior to the giving of the naturalization oath.").  Consequently, the Court remands the matter to CIS.

The defendants request that any remand not contain specific deadlines.  However, at this point, CIS has missed its statutory deadline for adjudicating plaintiff's application by more than 21 months.  Consequently, the Court believes it is appropriate to follow the other decisions in this district in providing CIS with a timetable.  *See Repeshchuk*, 2007 WL 2361450, at *4-5 (requiring CIS to adjudicate the application "as expeditiously as possible" and to report its progress to the Court every 60 days); *Aarda v. U.S. Citizenship & Immigration Servs.*, 2007 WL 465220, at *1 (requiring that the defendants complete all background checks – including the FBI "name check" – within 120 days); *Alnabi*, 2006 WL 2990338, at *1 (requiring CIS to adjudicate the naturalization application within 150 days).  The Court remands the matter to CIS with instructions to adjudicate the application as quickly as possible, and to provide a written progress report to this Court every 60 days.  That report must include an update on the status of plaintiff's name check and defendants' efforts to obtain the results of the name check, including correspondence and any other relevant documents.  *Cf. Repeshchuk*, 2007 WL 2361450, at *4-5.  In addition, CIS is instructed to issue a final determination on plaintiff's naturalization

application within 180 days of the date of this order. *Cf. Alnabi*, 2006 WL 2990338, at *1. The Court will retain jurisdiction over this matter during the pendency of these updates, both to assure defendants' compliance and to preserve the possibility of considering alternative remedies should the defendants' fail to demonstrate progress.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 11] is **DENIED**.

2. This matter is **REMANDED** to CIS with instructions to adjudicate plaintiff's naturalization application as quickly as possible, and to provide a written progress report to this Court every 60 days. That report must include an update on the status of plaintiff's name check and defendants' efforts to obtain the results of the name check, including correspondence and any other relevant documents. CIS is instructed to issue a final determination on plaintiff's naturalization application within 180 days of the date of this order.

3. Plaintiff's alternative requests for relief are **STAYED** pending the adjudication of his naturalization application.

4. The Court will retain jurisdiction over this matter until plaintiff has received a final determination on his naturalization application.


DATED:   March 27, 2008                              s/ John R. Tunheim
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                   United States District Judge